UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LISA PERIMAN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-11-77 |
| | § | |
| CITY OF TAFT, TEXAS, | § | |
| | § | |
| Defendant. | § | |

## **ORDER**

On May 23, 2011, the Court held an initial pre-trial conference in the above styled action. The Court dismissed Plaintiff's claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq, without prejudice. Plaintiff has not alleged any "disability" that is covered by the ADA. See, e.g, Villarreal v. J.E. Merit Constructors, Inc., 895 F.Supp. 149, 152 (S.D.Tex., 1995) (explaining that pregnancy is generally not a disability under the statute). Rather, in her complaint, Plaintiff alleges that her employer, the City of Taft, is liable to her because it violated ADA regulations prohibiting the asking or soliciting of certain medical information in an application for employment. (D.E. 1 at 5.)

The ADA, 42 U.S.C. § 12112(d)(2)(A), provides that, prior to employment, "a covered entity shall not conduct a medical examination or make inquiries of a job applicant as to whether such applicant is an individual with a disability or as to the nature or severity of such disability," § 12112(d)(2)(A), though "may make preemployment inquiries into the ability of an applicant to perform job-related functions." § 12112(d)(2)(B).

However, in Armstrong v. Turner Indus., Inc., the Fifth Circuit held that a non-disabled plaintiff could not proceed with a suit for being asked impermissible medical questions on an employment application under § 12112(d)(2)(A). See 141 F.3d 554, 562 (5th Cir. 1998). The

Fifth Circuit concluded that the plaintiff would need to show "some cognizable injury in fact of which the violation is a legal and proximate cause for damages to arise from a single violation." Id. at 562. Because the non-disabled applicant in that case could not show a cognizable injury caused by being asked the impermissible questions, the court concluded that he had failed to show entitlement to damages and affirmed the dismissal of his suit. See id. at 562, 564; see also Griffin v. Steeltek, Inc., 261 F.3d 1026, 1028-29 (10th Cir. 2001); Cossette v. Minn. Power & Light, 188 F.3d 964, 971-72 (8th Cir. 1999) (both requiring proof of actual harm to sustain cause of action under § 12112(d)(2)); Tice v. Centre Area Transp. Auth., 247 F.3d 506, 519 (3d Cir. 2001) (requiring "prejudice" showing to sustain a claim under 42 U.S.C. § 12112(d)(3) regarding confidentiality of medical records).

In this case, Plaintiff has not alleged that she suffered an injury in fact as a result of her employer's violation, such as that the City did not hire Plaintiff because of her responses to the impermissible questions. As she was hired by the City after being asked the impermissible questions, she has no damages claim. Consequently, Plaintiff's cause of action under the ADA cannot go forward as pled and is dismissed without prejudice. See Armstrong, 141 F.3d at 562.

SIGNED and ORDERED this 25th day of May, 2011.

_____
Janis Graham Jack
United States District Judge